# BENNINGTON COUNTY.

## FEBRUARY TERM, 1835.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
"    "    STEPHEN ROYCE, ⎫
"    "    SAMUEL S. PHELPS, ⎪ *Assistant Justices.*
"    "    JACOB COLLAMER, ⎬
"    "    JOHN MATTOCKS, ⎭

———————

ABNER HILL *et al. vs.* TOWN OF SUNDERLAND.

BENNINGTON,
February,
1835.

The county court have power to issue an execution on the decree of road com-
missioners, at the petition of a majority of the former petitioners.

Other persons signing said petition is immaterial, and their names may be
erased by order of court.

In such case the execution is to issue for the money to be paid into the clerk
of the court, and the county court will appoint an agent to expend the mo-
ney upon the road or bridge, under the general power of the court.

This was an application to the county court for an execution
against the town of Sunderland. The road commissioners, on
proper application, had, in 1828, laid out a certain road in Sun-
derland, and ordered the same made in 1829. The town having
neglected to make it, the commissioners, on proper application and
notice, in 1831, made an order and decree that said town pay to
the clerk of the road commissioners three hundred and twenty-five
dollars for the purpose of making said road, and that an extent
issue to collect the same with costs then taxed. This decree lay
unexecuted until March, 1834, when this application was made in
writing to the county court that an execution might issue to col-
lect said amount and costs. This application was signed by a ma-
jority of the former petitioners to the road commissioners, but not
by all. It was also signed by some other persons. In the county
court application was made to erase the names of those other per-
sons, which, though objected to, was allowed by the court; and
said court also allowed this petition to be amended by inserting an

BENNINGTON,
February,
1835.

Hill, et al.
vs.
Sunderland.

averment that certain of the former petitioners were dead, and others removed from the state. The county court ordered execution to issue against Sunderland, though some of the former petitioners, who are still living in the county, did not join in this application. To which proceedings in the county court the town excepted, and thereupon the cause passed to this court for revision.

*Sargent for the town of Sunderland.*—The case shows a petition of certain persons for an execution against the defendant town.

The petitioners claim to be the persons aggrieved by the non-payment of the amount of an extent formerly issued by the road commissioners and not executed.

The petition is doubtless intended to come under the statute of 1833.

It becomes important, then, to inquire who the petitioners are, and what claims they have, beyond any other class of citizens, to call for the defendant's money.

They are not the road commissioners, to whose clerk the money was ordered to be paid by the extent.

They are not the committee, who were to take and expend the money in building the road.

They are not exclusively the persons who originally petitioned the road commissioners for the extent.

Should *Jonas Elliott* and Joseph Burton, who were two of the petitioners for the extent, come to the court with their petition, associating such others as should see fit to join them, they would come with the same claims, and upon the principle with the present petitioners. When they get into court, so many as *dislike* litigation could ask leave to withdraw, and to be consistent, the county court must grant the request.

This would be a convenient mode of getting out of a lawsuit, when it begins to look desperate.

When persons have assumed the character of plaintiff in a judicial process, and thereby brought the defendant into court, we submit whether the court can exercise the power of permitting them to withdraw at pleasure. Are they not bound to stay in court and await the event, and abide the effect of such judgment as shall be rendered? Are they not responsible to the defendant for costs, in case it shall be found they have no right to prosecute?

If the court can permit any number of plaintiffs to withdraw from court, upon the same principle they may let out the whole.

BENNINGTON,
February,
1835.

Hill, *et al.*
*vs.*
Sunderland.

Again: we insist that the government, if any one, is entitled to the execution, for it is for the benefit of the citizens of the state at large that the money was appropriated.

A set of irresponsible citizens are claiming an execution to enforce a large amount of money from the citizens of Sunderland.

What is to be done with the money when collected? Certainly the sheriff must pay it to any one of the petitioners who shall demand it, however dishonest or insolvent he might be; and who shall guarantee that the money will not be squandered? Who shall appropriate it to build the road? The committee expired with the road commissioners.

The case is doubtless one for which the legislature can provide an adequate remedy; and until that is done, it is believed the proceeding cannot be sustained.

*Smith for the petitioners.*—1. The petition was properly amended.

2. It is not necessary that all should have joined in the petition.

3. The petitioners are entitled to execution.

The opinion of the court was delivered by

COLLAMER, J.—By the system of road commissioners, that board were vested with authority to decree upon a town a sum with costs for the making or repairing a highway or bridge, on the application of petitioners, and issue extent therefor; which it appears was done against Sunderland in 1831. In November, 1831, that system of road commissioners was repealed, but in that repealing act it was provided that the act should "not be construed to affect any proceeding, or liabilities already commenced or incurred" under this system. This repealing act took effect in December, 1831. After that time no board of road commissioners existed, to which committees of appeal could make report, nor clerk of the board, to issue execution or extent on the unexecuted judgments or decrees of the board, thus preserved in force by the repealing act. In November, 1832, the legislature by act provided that the clerks of the county courts should be clerks of the board of road commissioners, to receive reports, complete records and issue extents or executions, as he might have done had he continued in office. Under this act the clerk could have issued execution in this case, but more than a year and a day had expired, and many such cases existed. In October, 1833, there was further provision that in all cases of an order or decree by the road commissioners

BENNINGTON,
February,
1835.

Hill, et al.
vs.
Sunderland.

for damages or costs, or for a sum of money to repair or make a road which remained unsatisfied, the person or persons in whose favor said judgment or decree existed, might apply by petition to the county court for an execution for said amount with costs, which said court were authorized to issue. By these acts, this business is transferred to the county court as a part of their jurisdiction of a court of sessions. When a court or other body is invested with a power, the *mode* of exercising it, unless specially provided for, follows as a necessary incident. The orders and decrees of road commissioners for making or repairing a road or bridge, or decreeing a sum of money for such a purpose, was for the *public service*, and had not the statute of 1833 regulated the mode of proceeding, the course would have been by information from the government attorney for an extent, or by presentation by the grand jury; for wherever there is a *public duty* neglected, there must be a corresponding *public remedy*. But the statute of 1833 has so far regulated the course of proceedings in this case, as to say the execution shall issue by the county court on the petition of "the person or persons in whose favor the judgment or decree is made." This is sufficiently satisfied by the petition being made by a majority of those persons, as the public interests must not fail from the negligence or obstinacy of an individual. That other persons unnecessarily affixed their names to this petition, was entire surplusage:— useless there, no injury was done by their erasure.

Much is said about this execution requiring the money to be paid to these applicants. This is an entire misapprehension of the system and its objects. Had the clerk of the road commissioners issued execution, it would have required the payment of the money to him, to have been expended on the road, under the direction of the committee of the commissioners. The clerk of the county court is now the substitute, and should issue execution for the money to be paid in to him; and the county court, as the court of sessions, to whom is transferred the power of carrying into effect the decrees of the road commissioners, will, in pursuance of the power of the commissioners, and in pursuance of the power vested in them by statute, in other cases, of laying out money assessed on towns, appoint an agent or committee to lay out this money on this road.

The judgment is affirmed, but execution will issue from this court for the costs of this court only. The county clerk will issue execution on the judgment below.